IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| JOHNNIE SMITH, JR., #310505, | ) | |
| | ) | No. 8:12-cv-02566-DCN |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| CECILIA REYNOLDS,[1] *Interim* | ) | |
| *Warden, Lee Correctional Institution*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R"). The magistrate judge recommends that the court deny Johnnie Smith, Jr.'s petition for a writ of habeas corpus made under 28 U.S.C. § 2254. For the reasons stated below, the court adopts the R&R, denies the petition, and grants respondent's motion for summary judgment.

## I. BACKGROUND

Johnnie Smith, Jr. ("Smith") was indicted in York County, South Carolina on March 17, 2005 for trafficking 10 to 100 pounds of marijuana. Resp't's Mem. in Support of Mot. for Summ. J. Ex. 4 at 97. Smith's indictment stemmed from a

---

[1] Smith was incarcerated at Broad River Correctional Institution at the time that he filed his petition. As a result, Robert Stevenson, warden of the Broad River Correctional Institution, has been named as the respondent in this case. As explained by the magistrate judge, the warden of the facility in which the prisoner is held is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). On May 3, 2013, the court received notice that Smith had been transferred to Lee Correctional Institution. Notice of Change of Address, ECF No. 39. "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Padilla, 542 U.S. at 441. As Smith is now incarcerated at Lee Correctional Institution, Cecilia Reynolds, that facility's interim warden, is a person with legal authority to effectuate Smith's release. As a result, Interim Warden Reynolds should be substituted as the respondent in this petition.

1

November 23, 2004 undercover controlled drug buy in which confidential informant Claven McCrorey arranged to purchase ten pounds of marijuana from a man named Lawanci Carter.[2] Resp't's Mem. 1.  At trial, Carter testified that he arranged to buy the necessary quantity of marijuana from a man named Derrick Turner, who in turn arranged to buy the marijuana from an unnamed man in Charlotte, North Carolina.  Trial Tr. 170:1-22, July 28, 2005, ECF No. 28-2.  Carter, Turner, and Smith all rode in Turner's car to meet McCrorey.  Trial Tr. 173:9-174:8.  When they arrived at the pre-arranged location, Smith indicated to Carter where the marijuana was.  Trial Tr. 174:10-23, 177:15-23.  After Carter sold the marijuana to McCrorey, law enforcement agents moved in and arrested Carter, Turner, and Smith.  Trial Tr. 67:18-23, ECF No. 28-1.  During the arrest, law enforcement recovered 8.2 pounds of marijuana.  Trial Tr. 198:6-199:16, ECF No. 28-2.

After a three-day trial in which Smith was tried along with Turner, a jury found Smith guilty as charged on July 28, 2005.  Smith exhausted his direct appeals and state post-conviction relief (PCR) remedies and brought the instant petition on September 13, 2012.  Appearing pro se, Smith seeks habeas corpus relief based on five alleged errors.

Respondent moved for summary judgment on February 19, 2013.  Smith opposed the motion for summary judgment on May 30, 2013.

On July 11, 2013, the magistrate judge issued the R&R.  In it, she recommended that the motion for summary judgment be granted and Smith's habeas

---

[2] Throughout the the record, one of Smith's co-defendants is variously referred to as Lawanci Carter and Lawrence Carter.  The court refers to this co-defendant as Lawanci Carter or Carter.

petition be denied. Smith filed objections to the R&R on September 4, 2013. The matter is now ripe for the court's review.

## II.   STANDARDS OF REVIEW

The court is charged with conducting a de novo review of any portion of the R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). The court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Smith proceeds pro se in this case. Federal district courts are charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se complaints and petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

This court has jurisdiction under 28 U.S.C. § 2254 to hear a petition for a writ of habeas corpus made by a person imprisoned pursuant to a state court proceeding. A petitioner must exhaust all available state court remedies to properly assert his claims in federal court. 28 U.S.C. § 2254(b)(1)(A). Absent cause and prejudice or a fundamental miscarriage of justice, "a federal habeas court may not review

3

unexhausted claims that would be treated as procedurally barred by state courts." Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004).  To sufficiently exhaust available state court remedies, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" and "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  Id. at 448 (citation and internal quotation marks omitted).  In other words, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition."  Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc).

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, the court may only grant relief if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000).  Moreover, a state court's decision involves an unreasonable application of clearly established federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a particular] case."  Id.

Under AEDPA, a federal court affords deference to a state court's resolution of a state prisoner's habeas claims. See Bell v. Cone, 543 U.S. 447, 455 (2005). To obtain a writ of habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 786.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the nonexistence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The nonmoving party must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

## III. DISCUSSION

Smith's petition alleges five[3] grounds for habeas relief:

(1a) The trial court erred by refusing to direct a verdict of acquittal where there was no direct or substantial circumstantial evidence to find Smith guilty of trafficking more than 10 pounds but less than 100 pounds of marijuana;

(1b) The trial court erred by refusing to direct a verdict of acquittal where there was no direct or substantial circumstantial evidence that Smith conspired to traffic more than 10 pounds but less than 100 pounds of marijuana;

(2) The PCR court acted objectively unreasonably when it found that trial counsel provided ineffective assistance to Smith but that Smith was not prejudiced by counsel's ineffective assistance;[4]

(3) Smith's trial counsel rendered ineffective assistance by both failing to move to sever Smith's trial from that of co-defendant Derrick Turner and failing to investigate and obtain useful testimony from Turner; and

(4) Smith's trial counsel rendered ineffective assistance by failing to investigate the testimony of Lawanci Carter and the confidential informant.

2254 Pet. 2-9. In the R&R, the magistrate judge determined that Smith was not entitled to habeas relief on Grounds One (a), One (b), and Two because he failed to establish that the state court's adjudication of these matters was an unreasonable determination of the facts or the law. R&R 31-32;41-42. The magistrate judge also found that Grounds Three and Four are procedurally barred because Smith failed to present these claims when he appealed the denial of his PCR application. R&R 23.

---

[3] The court uses Smith's enumeration – 1a, 1b, 2, 3, and 4 – throughout.

[4] Smith's habeas petition and his objections to the R&R attribute this error both to the PCR court and to the South Carolina Supreme Court. However, the South Carolina Supreme Court never ruled on the merits of Smith's appeal from the PCR court. Rather, the high court initially granted certiorari to hear Smith's appeal, and then dismissed certiorari as improvidently granted. Resp't's Mem. Exs. 7, 10, 12. Because the South Carolina Supreme Court has not ruled on the merits of Smith's appeal, the court discusses this assignment of error only in terms of the PCR court's actions.

Smith makes three objections to the R&R.  First, he objects that Grounds Three and Four are not procedurally barred.  Pet'r's Objections to R&R 1.  Second, he objects that the magistrate judge mischaracterized the colloquy on cross-examination of Lawanci Carter at Smith's trial.  Id. at 3.  Third, Smith objects to the magistrate judge's finding regarding Ground 2.  Id. at 4.  The court addresses these three objections in turn.

### A. Grounds Three and Four of Smith's Habeas Petition Are Procedurally Barred.

The magistrate judge found that

> Grounds Three and Four are procedurally barred because Petitioner failed to properly raise these grounds for relief to the state courts. Grounds Three and Four were raised to and ruled upon by the PCR court, but they were not presented to the South Carolina Supreme Court in Petitioner's petition for writ of certiorari.

R&R 24.  The magistrate judge also found that Smith had failed to demonstrate either cause for the procedural default or actual innocence, two showings that, if made, would have overcome the procedural bars to Grounds Three and Four.  R&R 25-27.

Smith does not deny that he failed to raise these grounds with the South Carolina Supreme Court.  Nor does he assert a claim of actual innocence in his objections to the R&R.  Rather, he blames his failure to assert these grounds before the South Carolina Supreme Court on the ineffective assistance of appellate counsel.  Smith argues that his "only opportunity to present the denial of [Grounds Three and Four] to the State's Highest Court was thwarted by the assistance of the State appointed PCR appellate counsel, thus creating an inadequate corrective process and any procedural default should be imputed to the State."  Pet'r's Objections 3.

To escape from procedural default of a claim or claims, a petitioner must show cause excusing the failure to directly appeal the district court's alleged errors and actual prejudice resulting from the errors. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493).

Generally, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). More to the point, a prisoner "has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review." Id. at 756-57 (stating that "it would defy logic for us to hold that [a prisoner] had a right to counsel to appeal a state collateral determination of his claims of trial error"); see also Martinez v. Ryan, 132 S.Ct. 1309, 1320 (2012) (explaining that a limited exception to Coleman's holding "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial").

Where a petitioner has no constitutional right to an attorney, he cannot suffer constitutionally ineffective assistance. Coleman, 501 U.S. at 752. Though Smith's appellate counsel may have erred by failing to present Grounds Three and Four to the South Carolina Supreme Court, this error cannot constitute ineffective assistance that would excuse Smith's procedural default.[5] Smith's first objection is overruled.

---

[5] South Carolina Appellate Rule 71.1 provides:

> If an applicant represented by counsel desires to appeal, counsel shall serve and file a Notice of Appeal as required by Rule 243, SCACR, and shall

### B. The Magistrate Judge Did Not "Mischaracterize" the Trial Testimony of Lawanci Carter.

Smith next objects that the magistrate judge mischaracterized the trial testimony of cooperating co-defendant Lawanci Carter. Pet'r's Objections 3. Smith argues that he "never told Carter 'the marijuana' was under the seat, this is a misstatement. Petitioner was in the vehicle, merely present when Carter approached the car, Petitioner merely 'pointed to the bag', <u>not</u> acknowledging what was in the bag." Id. (emphasis in original).

Contrary to Smith's objection, the magistrate judge accurately summarized Carter's trial testimony. The magistrate judge noted that Carter had given conflicting testimony as to whether Smith had told him or silently showed him the bag of marijuana that was stashed in Turner's car on November 23, 2004. R&R 26, 30. The magistrate judge also accurately summarized Smith's position that "he was not part of a conspiracy to traffick marijuana" and that "he was merely present when Carter delivered the drugs to McCrorey." Id. The R&R makes no factual findings about the events that occurred on November 23, 2004. Indeed, it would be improper for the magistrate judge to have done so, as the trial court's factual findings are presumed correct for the purposes of § 2254 petitions. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.

---

    continue to represent the applicant on appeal unless automatically relieved under Rule 602, SCACR, or allowed to withdraw under Rule 264, SCACR. If the applicant is indigent, counsel shall assist the applicant in obtaining representation by the Division of Appellate Defense of the Office of Indigent Defense.

While this rule requires the state to provide representation to indigent South Carolina prisoners who wish to appeal the PCR court's denial of their claims, South Carolina law cannot create a federal constitutional right to counsel where one does not exist.

The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Smith's objection does not overcome the statutorily-required presumption in favor of the factual findings made by the jury at his trial. As a result, Smith's second objection is overruled.

### C. The PCR Court Was Not Objectively Unreasonable When it Found that Smith Was Not Prejudiced by Trial Counsel's Ineffective Assistance.

Smith's final objection is properly construed as an objection to the magistrate judge's findings regarding Ground Two of his habeas petition. Smith argues that it was objectively unreasonable for the PCR court to find: (1) that Smith's trial counsel rendered ineffective assistance by advising Smith that he could not be convicted of trafficking 10 to 100 pounds of marijuana when only 8.2 pounds of marijuana were sold in the November 2004 transaction; but (2) that Smith was not prejudiced by counsel's ineffective assistance. Pet'r's Objections at 4.

The Sixth Amendment provides not only the right to counsel, but the right to the effective assistance of competent counsel. Hoffman v. Leeke, 903 F.2d 280, 285 (4th Cir. 1990) (citing Powell v. Alabama, 287 U.S. 45, 48 (1932)). Where a prisoner's habeas petition alleges ineffective assistance of counsel, the district court must review the petition in accordance with both the Antiterrorism & Effective Death Penalty Act of 1996 ("AEDPA") and "through the additional lens of Strickland [v. Washington] and its progeny." Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012). Under Strickland, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that this deficiency prejudiced the defense. 466 U.S. 668, 687, 694 (1984).

10

> Under AEDPA, a writ of habeas corpus may only be granted when the underlying state court proceedings:
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Harrington v. Richter, 131 S. Ct. 770, 783-84 (2011); Richardson, 668 F.3d at 138.

Because AEDPA and Strickland provide dual, overlapping standards for review of a state prisoner's habeas petition, the federal court must be doubly deferential to the state court decisions. Richardson, 668 F.3d at 139 (citing Richter, 131 S. Ct. at 788). The court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1410-11 (2011). The court must be mindful that "an unreasonable application of federal law is different from an incorrect application of federal law." Richter, 131 S. Ct. at 785 (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). Under the doubly deferential standard described in Richter and Richardson, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Keeping in mind the double deference owed to state court decisions, the court now turns to Smith's claim that the PCR court acted unreasonably when it determined that Smith was not prejudiced by trial counsel's ineffective assistance. Before trial, the state offered Smith the opportunity to plead guilty in return for the state's recommendation that Smith receive a seven-year sentence. PCR Hr'g Tr. 19:2-20:4, 43:8-16, May 18, 2009, ECF No. 28-4. Smith rejected the state's offer and proceeded to trial. Id. at 20:1-24:4. After the jury returned its verdict, Smith was sentenced to twenty-five years in prison. Id. at 29:5-6. Smith argues that, had he been properly advised by counsel before trial, he would have accepted the state's offer and would now be serving a much shorter sentence.

At a hearing held on May 18, 2009, the PCR court heard the testimony of Smith, his trial counsel, and other witnesses. In its opinion, the PCR court found that trial counsel provided ineffective assistance when he advised Smith that it was unlikely that Smith would be found guilty of drug trafficking because the amount of marijuana in question was less than the threshold amount for the charged offense. Resp't's Mem. Ex. 4 at 77. Counsel's advice was certainly incorrect. In State v. McCluney, 606 S.E. 2d 485, 486 (S.C. 2004), a case decided before Smith was indicted, the South Carolina Supreme Court held that it is the amount of drugs that a defendant attempts or conspires to traffic – and not the amount actually trafficked – that forms the basis of a drug trafficking offense.[6] As the PCR court rightly found,

---

[6] In keeping with S.C. Code Ann. § 44-53-370(e) (2004), the indictment alleged that Smith

> did wilfully, unlawfully and knowingly sell, manufacture, deliver, purchase, or bring into this State, or did provide financial assistance or otherwise aid, abet, attempt, or conspire to sell, manufacture, deliver, purchase, or bring into this State, or was knowingly in actual or constructive possession or

Smith's trial counsel rendered ineffective assistance when he relied on a trial strategy premised on the notion that Smith "would not be found guilty of trafficking based on the weight of the marijuana." Resp't's Mem. Ex. 4 at 77.

The PCR court next determined that Smith was not prejudiced by counsel's ineffective assistance because Smith would not have accepted a guilty plea under any circumstances. In support of its finding, the PCR court noted that Smith stated that he rejected the state's seven-year plea deal because he felt that he was not guilty, PCR Hr'g Tr. 20:1-4, 34:22-25, 35:22-25, yet also testified that he would have accepted the seven-year plea deal if he had known about the McCluney case, PCR Hr'g Tr. 23:14-24:5, 36:1-9. At the PCR hearing, Smith's trial attorney admitted that

> I certainly gave Mr. Smith some bad advice with regards to the issue of the threshold amount. Now he was aware that as he was charged there was a mandatory minimum sentence of twenty-five years. I did tell him that because the threshold amount was less than ten pounds but I felt like at trial we would stand a very good chance of him not being found guilty of the higher offense . . . . Now of course that's the conversation we had after he had rejected the plea offer . . . .

PCR Hr'g Tr. 44:25-46:10. Counsel further testified that he advised Smith to take the plea offer. PCR Hr'g Tr. 43:19. Counsel explained that he had made clear that it was possible that Smith could be convicted of drug trafficking and would, in that case, face a mandatory minimum sentence of twenty-five years. PCR Hr'g Tr. 49:1-6, 51:9-20.

---

> knowingly attempted to become in actual or constructive possession of more than 10 pounds but less than 100 pounds of marijuana . . . .

Resp't's Mem. Ex. 4 at 97 (spelling and punctuation in original).

13

Based on the testimony put forth at the post-conviction hearing, the PCR court found that "[c]redibility lies with trial counsel" rather than with Smith. Ultimately, the PCR court determined that Smith

> Has failed to carry his burden of proof as to prejudice. It is clear to the Court from his testimony that [Smith] was at no time interested in entering a plea, [still] asserts his innocence, knew that he could have been found guilty of trafficking in marijuana, and knew he could be sentenced to a mandatory twenty-five year sentence.

Resp't's Mem. Ex. 4 at 80.

While the PCR court's opinion is not a model of clarity, it is readily apparent that the PCR court chose to credit the testimony of Smith's trial counsel over Smith's testimony. Counsel testified that Smith was well aware that he was facing a mandatory minimum sentence of twenty-five years, yet refused the plea deal over counsel's advice to the contrary. Both Smith and his trial counsel testified that Smith refused to accept the plea offer and was committed to pursuing his innocence defense at trial. The court finds that the PCR court's decision was well within the boundaries of its discretion. Certainly, a reasonable argument can be made that Smith would never have agreed to any plea offer, even if trial counsel had properly explained the import of the McCluney case.

Smith's counterfactual arguments about what he would have done if he had been provided with better legal advice do not outweigh the double deference that the court owes to the PCR court's ruling. As a result, Smith's third objection is overruled.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, **DENIES** the petition for a writ of habeas corpus, and **GRANTS** respondent's motion for summary judgment.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2013**
**Charleston, South Carolina**